# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MICHELE FICKES,

    Plaintiff,

v.

CENTRAL UNITED METHODIST CHURCH,

    Defendant.

Case No.

Hon.

---

Batey Law Firm, PLLC
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 940-5848-fax
sbatey@bateylaw.com

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES, Plaintiff, Michele Fickes, by and through her attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for her Complaint against Defendant states as follows:

1. That Plaintiff is a resident of the City of Lansing, County of Ingham and State of Michigan.

2. Defendant, Central United Methodist Church (hereinafter "Church") is a nonprofit entity whose registered mailing address is 215 Capital Ave., Lansing, MI 48910 and who is duly authorized to operate correctional facilities throughout the State of Michigan including Ionia County.

3. The events giving rise to this cause of action occurred in the Western District of Michigan.

4. Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 USC §1391(b) and (c) and this Honorable Court has pendant jurisdiction over Plaintiff's state law claims under 28 USC §1367.

5. Jurisdiction and venue are proper in the District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

7. Plaintiff brings this action for damages stemming from the acts and/or omissions of Defendant constituting violations of Sexual Harassment under Title VII and ELCRA, and retaliation which resulted in economic damages to the Plaintiff.

## **GENERAL ALLEGATIONS**

8. Plaintiff incorporates by reference paragraphs 1 through 7 of the Complaint as though fully set forth herein.

9. Plaintiff, Michele Fickes began her employment with Defendant,

began her employment at Central United Methodist Church in December 2022 where she was last employed by an office administrator.

10. In January 2024 she began to be sexually harassed by a co-worker who would constantly ask her out despite her clear message that she was not interested and did not appreciate him continuing to ask her out.

11. Plaintiff complained to management that she was being sexually harassed because he continued to ask her out after she told him she was not interested, but they and mocked and teased her and called her paranoid.

12. Despite Plaintiff numerous complaints she was continued to be sexually harassed.

13. As Plaintiff continued to reject his sexual advances he became more aggressive and retaliatory.

14. If Plaintiff even spoke to a male co-worker the man harassing her would get extremely aggressive and possessive of her.

15. Plaintiff was also yelled at by a supervisor who would scream at her as a woman, but none of the men.

16. As Plaintiff continued to complain of the sex discrimination and harassment she was retaliated against and in November 2024 she was terminated due to my sex/gender and complaints of sex harassment.

17. Plaintiff filed with the Equal Employment Opportunity Commission on May 29, 2024 Charge Number 471-2024-04942.

18. On or about November 22, 2024 the EEOC issued a Right to Sue Letter to Plaintiff.

## COUNT I
## SEXUAL HARASSMENT

19. Plaintiff incorporates by reference paragraphs 1 through 18 of the Complaint as though fully set forth herein.

20. Plaintiff belongs to a protected class as a female.

21. Plaintiff was subjected to communications and conduct on the basis of sex when Plaintiff was asked out on dates continuously even after indicating she was not interested.

22. The unwelcome romantic and sexual conduct and communication was intended to and did substantially interfere with Plaintiff's employment and created an intimidating, hostile, and offensive work environment due to sex.

23. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, et seq., and Title VII, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment at work based upon sex or Plaintiff's gender/sex.

24. Defendant knew Plaintiff was being sexually harassed and subjected to a hostile and offensive work environment, but did nothing about it.

4

25. At all material times, Defendant was Plaintiff's employer, and Plaintiff was Defendant's employee, within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq.* and Title VII.

26. Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender and/or sex by Defendant through its agents, employees and/or representatives to the point where her status as an employee has been detrimentally affected and her ability to function within her job has been hindered.

27. The conduct experienced by Plaintiff was severe and pervasive and Defendant refused to take prompt remedial measures.

28. Defendants' actions were intentional and in disregard for Plaintiff's rights and sensibilities.

29. As a direct and proximate result of the unlawful actions of the Defendant and their employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

30. At all times relevant, Plaintiff was able to perform her job and did so when she was not being sexually harassed.

31. As a result of the sexual harassment and discrimination Plaintiff was subjected to adverse employment actions including being constructively discharged.

32. As a proximate result of the discriminatory conduct by Schenck

5

Defendants' failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

    a.    Lost wages;

    b.    Mental anguish;

    c.    Fright and shock;

    d.    Outrage;

    e.    Anxiety;

    f.    Depression;

    g.    Emotional distress;

    h.    Loss of self-esteem;

    i.    Loss of earnings and other employment benefits; and

    j.    Loss of capacity for the enjoyment of life.

33.    Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

**COUNT II**
**SEXUAL DISCRIMINMTION**

34.    Plaintiff incorporates by reference paragraphs 1 through 33 of the

Complaint as though fully set forth herein.

35. Plaintiff was subjected to communications and conduct on the basis of sex when Plaintiff was asked out on dates continuously even after indicating she was not interested.

36. Plaintiff belongs to a protected class as a female.

37. Plaintiff was subjected to an adverse employment action when she was terminated.

38. Plaintiff was qualified to do the job as office administrator and at all times performed the duties of the job as an exemplary employee.

39. Plaintiff was replaced by another person due to her sex and her refusal to engage in a romantic relationship at work.

40. Pursuant to Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, et seq., and Title VII, Plaintiff is guaranteed the right to be free from discriminatory treatment and harassment and/or hostile work environment at work based upon sex or Plaintiff's gender/sex.

41. At all material times, Defendant was Plaintiff's employer, and Plaintiff was Defendant's employee, within the meaning of Michigan Elliott-Larsen Civil Rights Act, MCLA § 37.2101, *et seq.* and Title VII.

42. Plaintiff was subjected to repeat and continuous discriminatory treatment based upon her gender and/or sex by Defendant through its agents, employees and/or

representatives to the point where her status as an employee has been detrimentally affected and her ability to function within her job has been hindered.

43. The conduct experienced by Plaintiff was severe and pervasive and Defendant refused to take prompt remedial measures.

44. Defendants' actions were intentional and in disregard for Plaintiff's rights and sensibilities.

45. As a direct and proximate result of the unlawful actions of the Defendant and their employees, agents and/or representatives, Plaintiff was the subject of discriminatory conduct on the part of Defendants.

46. At all times relevant, Plaintiff was able to perform her job and did so when she was not being sexually harassed.

47. As a result of the sexual harassment and discrimination Plaintiff was subjected to adverse employment actions including being constructively discharged.

48. As a proximate result of the discriminatory conduct by Schenck Defendants' failure to take remedial action against the intimidation, harassment and discriminatory conduct, Plaintiff has sustained injuries including, but not limited to:

    a. Lost wages;

    b. Mental anguish;

    c. Fright and shock;

    d.    Outrage;

    e.    Anxiety;

    f.    Depression;

    g.    Emotional distress;

    h.    Loss of self-esteem;

    i.    Loss of earnings and other employment benefits; and

    j.    Loss of capacity for the enjoyment of life.

49. Defendant engaged in discriminatory practices with malice or with reckless indifference to the federally protected rights of Plaintiff.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

## COUNT III
## RETALIATION

50. Plaintiff incorporates by reference paragraphs 1 through 49 of the Complaint as though fully set forth herein.

51. Pursuant to Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCLA 37.2201, et seq., Plaintiff is guaranteed the right to be free from discrimination from their employer and/or supervisors based upon her sex.

52. Plaintiff's sex was a factor in Defendant's employment decisions.

53. Defendant, was Plaintiff's employer within the meaning of Title VII and the Elliott-Larsen Civil Rights Act, MCLA 37.2201, *et seq.*

54. During the course of her employment with Defendant, Plaintiff was subjected to constant unwelcome sex harassment and discrimination creating a hostile work environment by Defendants.

55. The sex harassment and discrimination created a hostile work environment and had the purpose and/or effect of substantially interfering with Plaintiff's employment and/or creating an intimidating, hostile, and offensive employment environment.

56. Plaintiff complained to Defendant, that she was being sexually harassed and discriminated against being subjected to a hostile work environment.

57. Defendants had actual and constructive notice that it was creating an intimidating, hostile and offensive work environment for Plaintiff.

58. Despite having notice of the racial discrimination and conduct toward Plaintiff, Defendant failed to take any remedial action, but instead took adverse employment action against Plaintiff based upon her sex and in retaliation for her complaints of sexual harassment and discrimination.

59. The sexual harassment and discrimination and conduct by Defendant and Defendant's failure to take any remedial action violate Title VII and the Michigan Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.*

60. As a proximate result of the Defendants' retaliation against Plaintiff, Plaintiff have sustained injuries including, but not limited to, physical pain and suffering, mental anguish, fright, shock, embarrassment, humiliation, mortification, outrage, anxiety, emotional distress, loss of self-esteem, loss of earnings and other employment benefits and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in her favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

                              Respectfully submitted,

                              **BATEY LAW FIRM, P.L.L.C.**

                        BY: /s/Scott P. Batey
                              SCOTT P. BATEY (P54711)
                              Attorney for Plaintiff
                              30200 Telegraph Road, Suite 400
                              Bingham Farms, MI  48025
                              (248) 540-6800
                              sbatey@bateylaw.com

Dated: July 7, 2025

## **DEMAND FOR JURY TRIAL**

NOW COMES, Plaintiff, Michele Fickes, by and through her attorney's, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/ Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800
sbatey@bateylaw.com

Dated: July 7, 2025